## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WANDA TOLBERT,**
**Grievant Below, Petitioner**

**v.) No. 24-ICA-38**   (Grievance Bd. Case No. 2023-0790-KanED)

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Wanda Tolbert appeals from the December 21, 2023, Decision of the West Virginia Public Employees Grievance Board ("Board") which denied her grievance contesting the decision of Respondent Kanawha County Board of Education ("Kanawha County") related to her homebound teaching position. Kanawha County filed a response.[1] Ms. Tolbert filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the 2022-23 school year, Ms. Tolbert was one of eight homebound teachers employed by Kanawha County. Homebound teachers provide educational instruction to students who are temporarily confined to their homes due to a certified medical condition. Through its homebound program, Kanawha County is required to provide the four core subjects: math, science, language arts, and social studies/history. Homebound instructors work a regular eight-hour workday, must provide one hour of instruction per student each week, and are expected to have a minimum of twelve students at a time. Ms. Tolbert had been a full-time homebound teacher for four years and had worked over thirty years for Kanawha County.

In recent years, Kanawha County witnessed a decline in homebound enrollment, which included a drop from 472 students during the 2015-16 school year to 200 students for the 2022-23 school year. At the conclusion of the 2022-23 school year there were only 19 high school students enrolled in the homebound program. The decline was attributed to

---

[1] Ms. Tolbert is represented by Andrew J. Katz, Esq. Kanawha County is represented by Lindsey D.C. McIntosh, Esq.

1

an overall decline in county school enrollment, changes in Kanawha County's application of state policy, and the availability of virtual school following the COVID-19 pandemic. Given these factors, Kanawha County determined that county school enrollment would continue to decline and elected to reduce the number of full-time homebound teachers from eight to six for the 2023-24 school year.

To implement this reduction, Kanawha County eliminated all eight positions. Thereafter, six homebound positions were reposted with specific certification and location requirements, which were not previously required as part of the former job description. Among the six positions, four required special education certification, one required secondary math and science certification, and one, who was to be located at Highland Hospital, required a multi-subject certification. Ms. Tolbert did not qualify for any of the six homebound positions, but she was hired by Kanawha County as a regular classroom teacher for the 2023-24 school year.

Ms. Tolbert filed her grievance on April 19, 2023, while still employed as a homebound teacher and argued that Kanawha County violated the Supreme Court of Appeals of West Virginia's ("SCAWV") holding in Syllabus Point 2 of *State ex rel. Boner v. Kanawha County Board of Education*, 197 W. Va. 176, 475 S.E.2d 176 (1996), which held:

> A board of education is prohibited from abolishing the positions of full-time homebound teachers and replacing the instructional services performed by those teachers with hourly-paid employees when no concomitant showing of reduction in need for such instruction has been made on the grounds that such a plan clearly operates in contravention of the contractual scheme of employment contemplated by West Virginia Code § 18A-2-2 (1993) along with the attendant benefits of such contracts.

The Board heard the matter at an administrative hearing held on September 26, 2023. Before the Board, Ms. Tolbert contended that although there was a reduction in need for overall homebound services in this case, the reduction did not correspond with the need to eliminate her specific position. The Board disagreed.

In its Decision, the Board found that the facts of *Boner* and the instant case differed in two ways. First, there was no reduction in need in *Boner* and that decision hinged on the school board's elimination of the full-time homebound positions solely to save money. Conversely, in this case, the Board found that there was clear evidence that homebound enrollment had significantly declined in the previous five school years and was expected to continue to decline. Second, in *Boner*, the eliminated homebound instructors were replaced with substitute teachers who were not full-time employees and did not receive benefits such as health insurance and paid leave. However, in this case, Kanawha County retained six full-time homebound instructors and replaced the two eliminated positions

2

with full-time classroom teachers who would teach homebound through a secondary contract.

The Board recognized that Kanawha County was required to provide homebound instruction in the four core subjects but only retained full-time positions in math and science and did not hire full-time teachers for language arts or social studies. However, at the administrative hearing, Kanawha County explained that math and science homebound positions were retained because there was a lack of certified county teachers in those subjects, and it believed that it would be more difficult to fill those two subjects with full-time county teachers on secondary contracts. Kanawha County did not anticipate that problem with language arts or social studies. The Board found that Kanawha County had reasonable concerns about declining homebound enrollment and that its decision to only offer the full-time math and science homebound positions was reasonable.

Next, the Grievance Board noted that *Boner* recognized a board of education's substantial discretion in personnel decisions, and that the *Boner* Court made clear its decision was based upon the elimination of full-time homebound teaching positions when a reduction of need had not been established. Here, the Board found that, unlike *Boner*, Kanawha County had established a reduced need and that its actions regarding the homebound program were neither arbitrary nor capricious. Ms. Tolbert's grievance was denied, and this appeal followed.

In this appeal, our governing standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5(b) (2007);[2] *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal). Likewise, "[t]he 'clearly

---

[2] West Virginia Code § 6C-2-5 was recently amended, effective March 1, 2024. However, the former version of the statute was in effect at the time the Board's decision was entered and applies to this case.

wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996); *see also,* Syl. Pt. 1, in part, *In re Tiffany Marie S*., 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc. v. Dir., Div. of Env't Prot*., 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong); *Princeton Cmty. Hosp. v. State Health Plan.*, 174 W. Va. 558, 564, 328 S.E.2d 164, 171 (1985) ("an agency's determination of matters within its area of expertise is entitled to substantial weight.").

On appeal, Ms. Tolbert argues that the Board erred by finding that Kanawha County's actions did not violate the SCAWV's holding in *Boner*, as well as that Kanawha County erred when it failed to rehire her to one of the new homebound positions. On both points we disagree.

First, we find the Board correctly distinguished *Boner* from the present case. In *Boner*, a county board of education, solely to save money, sought to eliminate all of its full-time homebound teaching positions and replace them with teachers paid on an hourly-pay basis. *Boner*, 197 W. Va. at 179, 475 S.E.2d at 179. On this issue, the SCAWV has held that a board of education could not eliminate full-time homebound positions without first showing the existence of a reduction in need. *Id.* at 177, 475 S.E.2d at 177, syl. pt. 2. Here, Kanawha County based its modification of the homebound program on the declining homebound enrollment, a trend it had documented for several consecutive school years. There is no evidence in the record to support a finding that Kanawha County acted solely to cut expenses. Indeed, while Kanawha County may incur cost savings as a result of this plan, it is obvious from the substantial evidence on the whole record that declining enrollment created a reduced need for homebound instructors within the county. As such, we conclude that Kanawha County's changes to the homebound program do not contravene the holding in *Boner*.

Second, Ms. Tolbert argues that Kanawha County erred when it failed to rehire her for one of the homebound positions. On this issue, Ms. Tolbert contends that Kanawha County is required to provide instruction to homebound students in math, science, language arts, and social studies; however, it only hired full-time homebound positions for the areas of math and science leaving vacancies for language arts and social studies, positions for which she is qualified. Thus, Ms. Tolbert asserts that because a specific vacancy exists for those subjects, she should have been retained as a full-time homebound instructor. We are not persuaded by this argument. In West Virginia, it is well established that "[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious." Syl. Pt. 3, *Dillon v. Bd. of Educ. of the Cnty. of Wyoming*, 177

4

W. Va. 145, 351 S.E.2d 58 (1986) (*superseded by statute on other grounds as stated in Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000)).

In this case, Kanawha County identified math and science as two core subjects that would be difficult to fill through secondary contracts with its current county teaching staff given a lack of certified teachers in those areas. Thus, it decided to post those core subjects as full-time homebound positions and supplement language arts and social studies instruction by using secondary contracts with existing county teachers who are certified in those areas. Other than her conclusory statement that she should have been retained as a homebound instructor, Ms. Tolbert offers no authority to establish error or an abuse of discretion below. Moreover, while *Boner* requires a prerequisite showing of a reduced need before a county board of education may eliminate homebound instruction positions, nothing within that decision requires a county board of education to use full-time teachers to fill homebound instructor positions. *Boner*, 197 W. Va. at 187, 475 S.E.2d at 187 (finding that SCAWV could not require a board of education to use only full-time teachers for homebound instruction and clarifying, "[o]ur ruling today turns on the elimination of full-time positions and the attendant benefits of such positions without a showing of reduced need for full-time instruction.").

Accordingly, we affirm the Board's Decision.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear